IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| MARQUIS CORTEZ WILSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 316-041 |
| | ) | (Formerly CR 305-024) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

_____

Petitioner Marquis Cortez Wilson filed with this Court a motion under 28 U.S.C.

§ 2255 to vacate, set aside, or correct his sentence. The matter is now before the Court for an

initial review of Petitioner's motion as required by Rule 4 of the Rules Governing Section

2255 Proceedings for the United States District Courts. For the reasons set forth below, the

Court **REPORTS** and **RECOMMENDS** that the § 2255 motion be **DISMISSED** and this

civil action be **CLOSED**.

## I.    BACKGROUND

In a superseding indictment returned October 13, 2006, a grand jury in the Southern

District of Georgia charged Petitioner in one count with conspiracy to distribute fifty grams

or more of cocaine base (crack) and a quantity of cocaine hydrochloride, in violation of

21 U.S.C. § 846 and 18 U.S.C. § 2. United States v. Wilson, CR 305-024, doc. no. 58 (S.D.

Ga. Oct. 13, 2006) (hereinafter "CR 305-024"). The Court appointed counsel under the Criminal Justice Act to represent Petitioner, and on November 28, 2007, Petitioner pleaded guilty to a lesser included offense of the one charge brought against him. Id., doc. nos. 68, 140, 158.

Upon entry of the guilty plea, the United States Probation Office prepared a Presentence Investigation Report ("PSI") which identified Petitioner as a career offender within the meaning of U.S.S.G. § 4B1.1 based on multiple drug charges and one aggravated battery conviction. PSI ¶¶ 41, 45-47, 65. After considering the objections filed to the PSI, United States District Judge William T. Moore, Jr., determined changes to the PSI were appropriate and ultimately set Petitioner's Total Offense Level at twenty-nine, Criminal History Category at VI, and Guidelines imprisonment range at 151 to 188 months. CR 305-024, doc. nos. 157, 219-1, 247-1. Judge Moore sentenced Petitioner to 125 months of imprisonment. Id., doc. no. 161. Petitioner did not file an appeal.

Then, on June 26, 2015, the United States Supreme Court decided Johnson v. United States, 135 S. Ct. 2551 (2015). In Johnson, the Supreme Court found the "residual clause" of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii) ("ACCA"), to be void for vagueness and a violation of the Constitution's guarantee of due process. Johnson, 135 S. Ct. at 2563. The "residual clause" of the ACCA violent felony definition includes a crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). In Welch v. United States, 136 S. Ct. 1257, 1265 (2016), the Supreme Court held Johnson is a substantive decision retroactive in cases on collateral review.

Based on these recent rulings from the Supreme Court, Petitioner filed his § 2255 motion, arguing that although he was not sentenced under the ACCA, because his sentence was enhanced under a provision of the advisory sentencing Guidelines which "mirrors" the language of the provision of the ACCA declared void by the Supreme Court in Johnson, he is entitled to be resentenced without the Guidelines enhancement. (See generally doc. nos. 1, 2.)[1]

## II.    DISCUSSION

### A.    Petitioner Is Not Entitled To Relief.

Johnson does not apply to Petitioner's case. As explained above, and as Petitioner concedes, he was not sentenced pursuant to the ACCA but instead was categorized as a career offender under § 4B1.1 of the advisory Guidelines. (See doc. no. 2, p. 2; see generally PSI.) Although the ACCA and sentencing guidelines "include an identical residual clause that encapsulates crimes that 'present[] a serious potential risk of physical injury to another[,] 18 U.S.C. § 924(e)(2)(B) [&] U.S.S.G. § 4B1.2(a)(2)," Johnson does not apply to career offender enhancements under the Guidelines. United States v. Matchett, 802 F.3d 1185, 1194 (11th Cir. 2015). This is because the vagueness doctrine under the Due Process Clause does not apply to the sentencing guidelines but is, instead, "limited to criminal statutes that define elements of a crime or fix punishments." Id. As Petitioner's sentence was not based

---

[1]The Clerk of Court docketed the memorandum in support of the § 2255 motion as a "motion for relief." (Doc. no. 2.) The Court has considered both documents together when determining Petitioner is not entitled to relief. The Clerk shall docket this recommendation as pertaining to both "motions" pending on the docket. (Doc. nos. 1, 2.)

on application of the ACCA's residual clause, and the Eleventh Circuit has determined Johnson does not apply to enhancements under the Guidelines, Petitioner is not entitled to be resentenced without the career offender enhancement. See id.; see also United States v. Kirk, 636 F. App'x 548, 550 (11th Cir. 2016) ("[N]othing in Johnson precludes the application of the offense level increases or enhancements in the advisory sentencing guidelines.").

### B. A Certificate of Appealability Should Not Issue.

The Court also recommends denial of a certificate of appealability ("COA") and denial of *in forma pauperis* ("IFP") status on appeal. A federal prisoner must obtain a COA before appealing the denial of his motion to vacate. The District Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts. Applying the COA standards, which are set forth in Brown v. United States, 407 CV 085, 2009 WL 307872, at *1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues regarding the instant § 2255 motion, so no COA should issue. 28 U.S.C. § 2253(c)(1); see Slack v. McDaniel, 529 U.S. 473, 484 (2000) ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case . . . no appeal would be warranted."); see also Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed notice of appeal). Since there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, IFP status on appeal should likewise be denied. 28 U.S.C. § 1915(a)(3).

## III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the § 2255 motion be **DISMISSED** and this civil action be **CLOSED**. The Court further

**RECOMMENDS** that Petitioner be **DENIED** a COA and permission to appeal IFP.

SO REPORTED and RECOMMENDED this 14th day of June, 2016, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA